UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17-CR-39-TLS |
| | ) | |
| ADONNIS CARSWELL | ) | |

**OPINION AND ORDER**

The Defendant, Adonnis Carswell, was indicted on charges that he possessed with intent to distribute heroin, and that he possessed a firearm in furtherance of that drug trafficking crime. He is also charged with being a felon in possession of a firearm. This matter is before the Court on the Defendant's Motion to Suppress Evidence [ECF No. 50], filed on September 18, 2018. The Defendant requests that the Court suppress all evidence obtained during the June 30, 2017, search of a particular residence.

Although the search was conducted pursuant to a warrant, the Defendant maintains that the warrant should not have been issued because a key piece of information in the supporting affidavit is not accurate and, absent this information, the affidavit was insufficient on its face to establish probable cause to believe that the Defendant was trafficking drugs from the residence. The Defendant asks that the Court set an evidentiary hearing "to elicit the remaining required evidence not already in the record in this case." (Mot. 6.) In response, the Government argues that the Defendant has not shown that he is entitled to an evidentiary hearing.

**ANALYSIS**

"If the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality." *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985)

(noting that "[w]here the police have acted pursuant to a warrant, the independent determination of probable cause by a magistrate gives rise to a presumption that the arrest or search was legal"). When an "affidavit is the only evidence presented to the warrant-issuing magistrate, 'the warrant must stand or fall solely on the contents of the affidavit.'" *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002) (quoting *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967)). Neither party has provided the search warrant application for this Court's review. However, search warrant affidavits are presumed to be valid, *Franks v. Delaware*, 438 U.S. 154, 171 (1978), and the Court can assume as much here absent the requisite proof to the contrary.

The Defendant argues that this presumption is incorrect with respect to a key piece of evidence that linked him to the residence that was the target of the search warrant. Specifically, he claims that the affiant, ATF Task Force Officer Caleb Anderson, falsely claimed that, during a traffic stop on June 26, 2017, the Defendant verbally told a New Haven Police Department officer that he was residing at the specific address on Green Road in New Haven, Indiana. He claims that, without this purported admission, "there is only the most tenuous connection between Defendant and [xxxx] Green Road." (Mem. in Support 12, ECF No. 51.)

The Defendant's argument implicates *Franks v. Delaware*, 438 U.S. 154 (1978), where the Supreme Court first defined the procedure, evidentiary burdens, and proper remedies associated with a defendant's attack on the truthfulness of statements made in a sworn affidavit supporting the issuance of a search warrant. To obtain an evidentiary hearing, a defendant must make a "substantial preliminary showing" of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth. *United States v. McMurtrey*, 704 F.3d 502, 508 (7th Cir. 2013).

> Allegations of negligent or innocent mistakes do not entitle a defendant to a hearing, nor do conclusory allegations of deliberately or recklessly false information. The defendant must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations, and the claim of falsity should be substantiated by the sworn statements of witnesses. To obtain a hearing, the defendant must also show that if the deliberately or recklessly false statements were omitted, or if the deliberately or recklessly misleading omissions included, probable cause would have been absent. That showing does not necessarily entitle the defendant to a favorable finding on the merits, but it entitles the defendant to a hearing where he must prove falsity or recklessness (as well as materiality) by a preponderance of the evidence.

*Id.* at 509 (internal citations omitted).

*Franks* directs that "[a]ffidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." 438 U.S. at 171. The Defendant did neither. The Memorandum in Support of the Defendant's Motion to Suppress indicates that the Defendant denies that he made the traffic stop statement about where he was living. Counsel's say-so about what the Defendant claims he said, or did not say, is not the equivalent of a sworn statement. The Defendant also argues that the publicly available information from the misdemeanor reckless driving case that arose from the traffic stop calls Officer Anderson's assertion about his traffic stop statement into question. The Defendant notes that the ticket issued to him, and the probable cause affidavit for the resulting charges, did not use the Green Road address. Rather, they used the address on the Defendant's driver's license. The Defendant claims that "[i]t is simply incredible that a law enforcement officer would be told of a residential address different from the address on the driver's license or other documentation but allow the official court records to continue using the wrong address as the official address for notice and other official mailing." (Mem. in Support 11–12.)

The Defendant does not explain why it is unbelievable that a person would indicate that they are living at an address that differs from the one on their driver's license, or that records

3

generated from a traffic stop would incorporate the address on the license. It is not unusual for a person to move to a new address before updating his government issued identification. Moreover, the Defendant acknowledges that Officer Anderson stated that he relied on a New Haven Police Department report of the traffic stop when he averred that the Defendant provided the Green Road address during that stop. But the Defendant did not review that report or, at least, makes no mention of reviewing it. The Defendant cannot claim that Officer Anderson intentionally or recklessly made a false statement having not even reviewed, or provided to the Court, the document that Officer Anderson relied upon.[1]

The Defendant's Motion does not rise to the level of the rare case where the elements necessary to obtain a *Franks* hearing to challenge the truth of statements made in the search warrant affidavit have been established. *See United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001) (noting that the elements that trigger a *Franks* hearing are "hard to prove" and thus such hearings are "rarely held") (citing *United States v. Swanson*, 210 F.3d 788, 790 (7th Cir. 2000)). The Defendant has not met the "substantial burden to demonstrate probable falsity" needed to explore the validity of the search warrant affidavit. *Maro*, 272 F.3d at 821 (quoting *United States v. Hornick,* 815 F.2d 1156, 1158 (7th Cir. 1987). The Defendant's request for an evidentiary hearing is denied.

Because the Defendant's Motion to Suppress is predicated on the Court discounting a statement in the search warrant affidavit before analyzing whether the affidavit provided

---

[1] The Government, in its Response [ECF No. 53], indicates that it obtained the New Haven Police Department Report, and that it listed the Green Road address as the Defendant's current address. Because Officer Anderson relied on this report, the Defendant would have to put forth reliable evidence that the New Haven Police Department officer who wrote the report deliberately or recklessly misrepresented the Defendant's address. *See United States v. McAllister*, 18 F.3d 1412, 1417 (7th Cir. 1994).

sufficient facts to establish probable cause, the Court will deny the Motion with leave to refile a motion that is limited to the four corners of the affidavit. If the Defendant files such a motion, he must provide a copy of the search warrant affidavit.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion to Suppress [ECF No. 50], construed as a request for a *Franks* evidentiary hearing. The Defendant is granted until October 26, 2018, to refile the Motion to Suppress and attach the search warrant affidavit. The time granted to prepare and file this pretrial motion is excluded when calculating the time under the Speedy Trial Act, 18 U.S.C. § 3151(h)(7)(A), (B)(ii), as failure to grant the continuance would deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

SO ORDERED on September 26, 2018.

                                             s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT