UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17-CR-39-TLS |
| | ) | |
| ADONNIS CARSWELL | ) | |

**OPINION AND ORDER**

The Defendant, Adonnis Carswell, is charged with drug and firearm offenses. Through a Motion for *Franks* Hearing [ECF No. 57], he maintains that law enforcement deliberately included false statements in a search warrant affidavit that served as the basis for a warrant to search his residence, and precipitated these federal charges. The Defendant argues that, because these false statements were intentional or reckless and were essential to the probable cause finding, he is entitled to an evidentiary hearing to further explore the validity of the search warrant affidavit. The Government asserts that the Defendant has not made the substantial preliminary showing necessary to obtain a hearing. The Court agrees and, for the reasons set forth below, denies the Defendant's Motion.

**BACKGROUND**

On May 2, 2017, US Marshals and ATF officers arrested a Confidential Human Source (CHS) for drug-related criminal activities. (Def.'s Mot. at 3.) The CHS informed law enforcement that his suppliers were Adonnis Carswell and Jashod Thomas. (*Id.*) The CHS did not provide the location of Carswell's residence. (*Id.*)

On June 26, 2017, ATF Task Force Officer Caleb Anderson located a New Haven Police Department report referencing a traffic stop involving Carswell. (*Id.*) The police report from the

stop lists Carswell's address as XXXX Green Road, New Haven, Indiana 46774. (*See* Gov't Resp., Ex. 2, ECF No. 58–2.) According to TFO Anderson's search warrant affidavit, Officer Robert Reece of the New Haven Police Department informed TFO Anderson that Carswell told him during the traffic stop that he resided at XXXX Green Road. (Def.'s Mot. at 3.)

Later that day, on June 26, 2017, at about 5:00 p.m., TFO Anderson conducted surveillance at XXXX Green Road. (*Id.*) He attested that he observed a vehicle outside the residence and that a license plate check with the Indiana Bureau of Motor Vehicles revealed that the vehicle belonged to Carswell. (*Id.*) The vehicle was parked in the driveway of XXXX Green Road on June 26, 27, 28, and 29. (*Id.*)

During surveillance of XXXX Green Road, TFO Anderson observed two trash bins placed at the end of the residence's driveway. (*Id.*) At around 11:48 p.m., on June 26, 2017, TFO Anderson "conducted a trash pull and removed several bags of trash from the bins of XXXX Green Road . . . ." (*Id.* at 4.) TFO Anderson found several items suggesting illicit criminal activity was afoot, including: 1) items that contained substances that field tested positive for cocaine; 2) a receipt from a firearms store that listed the purchase of three pistols and four boxes of ammunition; and 3) a plastic bag containing crystal meth. (*Id.*)

On June 29, 2017, TFO Anderson filed a search warrant application and supporting affidavit to search Adonnis Carswell's home. (*Id.* at 1.) The search warrant application and affidavit included the following address for Carswell's home: XXXX Green Road, New Haven, Indiana. (*Id.*) The search warrant stated that the XXXX Green Road residence was the "the current and primary residence of Adonnis Carsell (CARSWELL) and Derika Evans

2

(EVANS)[.]" (*Id.*) The affidavit stated that the Defendant's residence at XXXX Green Road was confirmed through the Spillman report that was generated after the June 26, 2017, traffic stop. (*Id.*)

In connection with the above-referenced traffic stop, misdemeanor charges were filed against Carswell for reckless driving in Indiana state court on July 21, 2017. (*Id.* at 4–5.) The affidavit for probable cause with respect to the reckless driving charges was sworn to by Officer Reece. (*Id.* at 5.) Officer Reece did not reference the residential address in the affidavit. Furthermore, court documents from the state court matter list Carswell's address as XXXX Gretna Avenue, Fort Wayne, IN 46806. (*Id.*)

## STANDARD OF REVIEW

Search warrant affidavits are presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). However, a search warrant is invalid if police officers obtain it by deliberately or recklessly providing the issuing court with false, material information. *United States v. McMurtrey*, 704 F.3d 502, 504 (7th Cir. 2013). In *Franks v. Delaware*, the Supreme Court defined the procedure, evidentiary burdens, and proper remedies associated with a defendant's attack on the truthfulness of statements made in a sworn affidavit supporting the issuance of a search warrant. To obtain a *Franks* hearing, the defendant must make a "substantial preliminary showing" of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth. *McMurtrey*, 704 F.3d at 508.

> Allegations of negligent or innocent mistakes do not entitle a defendant to a hearing, nor do conclusory allegations of deliberately or recklessly false

> information. The defendant must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations, and the claim of falsity should be substantiated by the sworn statements of witnesses. To obtain a hearing, the defendant must also show that if the deliberately or recklessly false statements were omitted, or if the deliberately or recklessly misleading omissions included, probable cause would have been absent. That showing does not necessarily entitle the defendant to a favorable finding on the merits, but it entitles the defendant to a hearing where he must prove falsity or recklessness (as well as materiality) by a preponderance of the evidence.

*Id.* at 509 (internal citations omitted).

## ANALYSIS

The Defendant identifies two aspects of TFO Anderson's search warrant affidavit that he argues warrant a *Franks* hearing. First, the Defendant challenges the search warrant affidavit identifying the Defendant's address as XXXX Green Road. Second, the Defendant contends that the drug evidence found in the trash outside of XXXX Green Road could have belonged to someone other than the Defendant.

With respect to the first argument, the Defendant argues that TFO Anderson's search warrant affidavit necessarily contained deliberate falsehoods as it listed Defendant's address as XXXX Green Road, as opposed to the supposedly correct address that appeared on documents filed with the Indiana state court, XXXX Gretna Avenue. The Defendant, however, fails to make a substantial preliminary showing that he is entitled to a *Franks* hearing because there has been no showing that TFO Anderson deliberately or recklessly disregarded the truth.

The fact that documents filed for a state court proceeding listed a different address for the Defendant from the address listed in TFO Anderson's search warrant affidavit does not evidence

TFO Anderson showed a deliberate or reckless disregard for the truth. Instead, TFO Anderson's belief that XXXX Green Road was the Defendant's residential address was corroborated by several sources. First, Detective Reece told TFO Anderson that Carswell told him that his address was at XXXX Green Road during the June 26 traffic stop. *Franks*, 438 U.S. at 165 ("[P]robable cause may be founded upon hearsay . . . ."). This information was corroborated by the Spillman report that catalogued the traffic stop, which listed the XXXX Green Road address as the Defendant's current residence. Moreover, through personal surveillance of XXXX Green Road, TFO Anderson observed that a vehicle with a license plate number registered to Carswell was parked in the driveway of XXXX Green Road for several days. Therefore, instead of demonstrating a deliberate or reckless disregard for listing the Defendant's current address as XXXX Green Road, TFO Anderson had good reason to believe that the XXXX Green Road address was indeed the Defendant's current residence.

The Defendant's second argument—that someone else could have placed the drug evidence into the trash that TFO Anderson searched—is irrelevant to whether TFO Anderson deliberately or recklessly disregarded the truth by including false statements in the search warrant affidavit. The Defendant does not contest the veracity of TFO Anderson's statements regarding what he found in the trash outside of XXXX Green Road. Instead, the Defendant attempts to present evidence that someone other than the Defendant placed the drug evidence inside the trash that TFO Anderson ultimately uncovered. A review of the search warrant affidavit reveals that TFO Anderson did not attest that the Defendant was the one who placed the

5

drug evidence in the trash.[1] Therefore, as the Defendant does not allege that a specific statement in the search warrant affidavit was false in connection with what TFO Anderson found in the trash, the Defendant's second argument also fails.

## CONCLUSION

For the reasons stated above, the Defendant's Motion for *Franks* Hearing [ECF No. 57] is DENIED. A separate scheduling order will be issued for the pretrial conference and trial.

SO ORDERED on January 18, 2019.

                                   s/ Theresa L. Springmann
                                   CHIEF JUDGE THERESA L. SPRINGMANN
                                   UNITED STATES DISTRICT COURT

---

[1] The Government filed the search warrant affidavit under seal as docket entry 60.